**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **CHARLES ARTHUR BOSWORTH,** * | |
| * | |
| Plaintiff, * | |
| * | **CIVIL ACTION NO.:** |
| v. * | 2:22-CV-027-RWS |
| * | |
| **JLE INDUSTRIES, LLC** and * | |
| **MICHAEL ANTHONY RUSSELL** * | |
| * | |
| Defendants. * | |

## COMPLAINT

COMES NOW Charles Arthur Bosworth, ("Plaintiff") in the above styled action, and files this, his Complaint for Damages against the above-named Defendants, individually and jointly, and shows this Honorable Court the following:

1. This is an action for personal injury damages arising out of a commercial motor vehicle collision that occurred on April 28, 2021, in Banks County, Georgia.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Charles Arthur Bosworth is over the age of majority and is a resident of Autauga County, Alabama. As such, Plaintiff is the proper party to bring this action to recover for his own injuries and damages.

1

3. Defendant JLE Industries, LLC ("JLE") is a Commercial Motor Vehicle Carrier. Defendant JLE is a foreign corporation registered, organized and existing under the laws of the state of Pennsylvania with its principal place of business and office in Dunbar, Pennsylvania. Once served, Defendant JLE is subject to the jurisdiction and venue of this Honorable Court. Unless service is acknowledged, service may be perfected on Defendant JLE by serving Corporation Service Company at 2595 Interstate Drive, Suite 103, Harrisburg, Dauphin County, PA 17110.

4. At all times material hereto, Defendant JLE was an interstate motor vehicle carrier author authorized to operate in the state of Georgia for profit.

5. Upon information and belief, Defendant Michael Anthony Russell ("Russell") is over the age of majority and is a resident of Halifax County, North Carolina. Once served, Defendant Russell is subject to the jurisdiction and venue of this Honorable Court. Unless service is acknowledged, service may be perfected on Defendant Russell by serving him personally by second original, at his residence located at 149 1/2 Mile Rd, Tillery, Halifax County, North Carolina 27887.

6. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332. Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive interest, and costs, exceeds $75,000.

7.    Venue is proper pursuant to 28 U.S.C § 1391(b)(2) and LR 3.1 (B)(3), NDGa.

## STATEMENT OF FACTS

8.    On or about April 28, 2021, Charles Arthur Bosworth was operating a tractor trailer bearing vehicle identification number: 3AKJHHDV6KSKR1622.

9.    At said time and place, Defendant Russell was operating a tractor trailer owned by JLE bearing vehicle identification number: 1XKYDP9X6HJ159180.

10.   Defendant Russell was acting within the line and scope of his employment and/or agency of Defendant JLE at the time of the accident and was operating under JLE's DOT authority.

11.   At all times material, Plaintiff Bosworth was lawfully operating his vehicle, which was stopped in traffic in the right-hand lane on Interstate 85 southbound in Banks County, Georgia.

12.   At said time, Defendant Russell was operating his vehicle in the right-hand lane, southbound on Interstate 85 in Banks County, Georgia.

13.   At all times herein mentioned, Plaintiff acted with reasonable care and in observance of the laws of the state of Georgia.

14.     At said time, Defendant Russell was following too closely, speeding, and driving too fast for conditions, which led to Defendant Russell violently rear-ending the Plaintiff's vehicle (Impact One).

15.     After the rear-end collision with the Plaintiff's vehicle (Impact One), Defendant Russell's vehicle ricocheted off the rear of Plaintiff's trailer and into the left-hand southbound lane on Interstate 85, rear-ending a third vehicle. (Impact Two).

16.     After the rear-end collision with the third vehicle (Impact Two), the passenger side of Defendant Russell's vehicle struck the rear of vehicle number four (Impact Three).

17.     After impact with the third vehicle, Defendant Russell's commercial vehicle came to a final uncontrolled rest on Interstate 85.

18.     Defendant Russell was preoccupied, distracted, or engaged in an activity that diverted his attention from the roadway.

19.     As a direct and proximate result of the aforementioned, Plaintiff suffered substantial injuries.

20.     Defendants' lack of attentiveness and lack of care for others on the roadway demonstrates a reckless disregard and wantonness for other motorists.

## COUNT ONE
### (Negligence/Wantonness – Defendant Russell)

21. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-20 above.

22. On April 28, 2021, Defendant Russell was operating a commercial vehicle within the line and scope of his employment with Defendant JLE when he negligently and wantonly drove his commercial vehicle by following too closely and not paying adequate attention to the roadway, thereby causing a collision.

23. Defendant Russell had a duty to act reasonably and use care while operating a motor vehicle. Defendant Russell had a duty to pay attention to traffic, to maintain a proper lookout, to obey the laws and rules of the state of Georgia, to follow industry standards for the safe operation of a commercial vehicle, and to pay full time and attention to the operation of his vehicle, warn motorists of impending danger and to avoid a collision.

24. Defendant Russell breached that duty of care by failing to pay proper attention to the roadway and the traffic, failing to keep a proper lookout, failing to obey the laws and rules of the state of Georgia, failing to follow industry standards for the safe operation of a commercial vehicle, failing to warn oncoming motorists of impending danger, and failing to control the vehicle in order to avoid a collision, thereby causing Plaintiff's vehicle to wreck.

25. As a direct and proximate cause of the negligence and wantonness of Defendant Russell, Plaintiff Bosworth suffers physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future medical expenses, lost wages, and loss of earning capacity. Plaintiff claims compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

## COUNT TWO
### (Negligence/Wantonness – Defendant JLE)

26. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-25 above.

27. Defendant JLE had a duty to Plaintiff to act reasonably.

28. Defendant JLE breached that duty.

29. As a direct and proximate cause of the negligence or wantonness of Defendant JLE, Plaintiff Bosworth suffers physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future medical expenses, lost wages, and loss of earning capacity. Plaintiff claims compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

<b><u>COUNT THREE</u></b><br>
<b>(Gross Negligence/Wantonness – Defendants JLE & Russell)</b>

30. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-29 above.

31. Defendants at the time and place of the aforementioned accident, operated the vehicle in a careless, reckless and unsafe manner, failed to exercise ordinary care and diligence, and were further grossly negligent in, including but not limited to, the following respects:

    (a)    they failed to keep a proper lookout;

    (b)    they failed to maintain proper control of their vehicle so as to avoid an accident, all in total disregard for the safety of the Plaintiff and those around him;

    (c)    Defendant JLE entrusted its vehicle to Defendant Russell, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner;

  (d) Defendant JLE negligently or wantonly hired, retained, supervised, entrusted a vehicle to and/or trained Defendant Russell; and

  (e) Defendants Russell and JLE negligently and/or wantonly inspected and/or maintained the tractor trailer driven by Russell.

32. Defendants' conduct constitutes gross negligence and/or wantonness, which proximately caused, in whole or in part, the damages to Plaintiff, including physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future medical expenses, lost wages, and loss of earning capacity. Plaintiff claims compensatory and punitive damages.

## COUNT FOUR
**(Negligent Hiring, Training, Entrustment, and Supervision – Defendant JLE)**

33. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-32 above.

34. Defendant JLE was negligent and wanton in its hiring, training, entrusting, and supervision of Defendant Russell in that Defendant JLE had either actual or constructive knowledge that Defendant Russell was an incompetent driver and was likely to operate a motor vehicle in a negligent and wanton manner.

35. Defendant's negligence and wantonness in hiring, training, entrusting, and supervision of Defendant Russell proximately caused, in whole or in part, the

damages to Plaintiff, including physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future medical expenses, lost wages, and loss of earning capacity. Plaintiff claims compensatory and punitive damages.

## COUNT FIVE
### (Agency Defendant – JLE)

36. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-35 above.

37. The above-described acts of Defendant Russell were committed while he was acting as agent, servant, and/or employee of Defendant JLE and were committed within the scope of his agency and while furthering the business interests of Defendant JLE.

38. As principal of Defendant Russell, Defendant JLE is responsible for all of the acts committed by Defendant Russell within the scope of his agency, including the accident in this case that caused the Plaintiff's damages.

## COUNT SIX
### (Combined and Concurring Negligence)

39. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-38 above.

40. The negligence, wantonness or other wrongful acts of all Defendants in this case combined and concurred to cause the injuries and damages as alleged above.

## COUNT SEVEN
### (Negligence Per Se)

41. Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-40 above.

42. At all times material hereto, Defendant Russell was a professional driver with a commercial driver's license.

43. At all times material hereto, Defendant Russell was driving a commercial motor vehicle in interstate commerce and was subject to Georgia traffic laws and trucking safety regulations, and the Federal Motor Carrier Safety Regulations.

44. Defendant Russell, while acting incident to and within the course and scope of his agency or employment with Defendant JLE violated one or more of the following provisions of law and therefore committed *negligence per se*.

    (a) Failing to use due care while driving. O.C.G.A. § 40-6-241;

    (b) Driving too fast for conditions. O.C.G.A. § 40-6-180;

    (c) Following too closely. O.C.G.A. § 40-6-49;

(d) Failing to maintain proper safe operation of the subject tractor/trailer in violation of 49 C.F.R. § 383.111(a);

(e) Failing to maintain safe vehicle control of the subject tractor/trailer in violation of 49 C.F.R. § 383.111(c);

(f) Failing to maintain basic control of the subject tractor/trailer in violation of 49 C.F.R. § 383.111(c)(2);

(g) Failing to maintain proper situational awareness around the subject tractor/trailer in violation of 49 C.F.R. § 383.111(c)(5);

(h) Failing to demonstrate safe driving skills of the subject tractor/trailer in violation of 49 C.F.R. § 383.113(b); and

(i) Failing to follow applicable operating rules in violation of 49 C.F.R. § 392.2.

45. As a direct and proximate result of Defendant Russell's negligence, Plaintiff Bosworth was severely injured and incurred damages, including physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, future expenses, lost wages and loss of earning capacity.

## DAMAGES

46. The injuries and damages suffered by Plaintiff Bosworth include, but are not limited to the following: Compensatory damages for physical and mental

pain and suffering both in the past and future, past medical expenses, future expenses, lost wages, loss of earning capacity and punitive damages.

47. The Plaintiff is entitled to punitive damages for the willful, wanton, intentional, reckless and malicious acts and of the entire want of care that raised to the presumption of conscious indifference to the consequences under O.C.G.A 51-12-5.1.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff prays for the following relief against all Defendants:

1. That summons issue requiring Defendants to appear as provided by law to answer the allegations of this Complaint;

2. That Plaintiff has a trial by jury of all issues so triable;

3. Plaintiff be awarded general, special, compensatory, and punitive damages in accordance with the enlightened conscience of an impartial jury for the past, present and future medical expenses of Plaintiff;

4. Plaintiff be awarded punitive damages in such amounts as determined sufficient by the enlightened conscience of a fair and impartial jury as the misconduct of the Defendants were willful, wanton, reckless, and showed an entire want of care which raises the presumption of a conscious indifference to the consequences, and thus demands,

authorizes, and requires an award of punitive damages to punish and deter Defendants from committing such acts in the future. Damages are to be determined by the reasonable value of such by the jury from the evidence at the trial of this case;

5. Plaintiff be awarded interest and costs; and,

6. Plaintiff be awarded such other and further relief as this Court deems just and proper as permitted by Georgia law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

This is the **11th** day of **February 2022**.

*s/ Benjamin R. Keen*
BENJAMIN R. KEEN
Georgia Bar No. 810828
CHRISTOPHER D. GLOVER
Georgia Bar No. 417058

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
ben.keen@beasleyallen.com

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

JLE Industries, LLC
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Michael Anthony Russell
149 1/2 Mile Rd.
Tillery, NC 27887